UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIE-SAURELLE VERTUS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-316-BAJ-RLB** |
| **SOUTHERN UNIVERSITY LAW CENTER, ET AL.** | |

### **ORDER**

Before the Court is Plaintiff's Motion for Extension of Time to Serve Defendants and Issuance of Alias Summons (R. Doc. 17) and Defendants' Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) (R. Doc. 18).

On April 14, 2025, Marie-Saurelle Vertus ("Plaintiff"), who is proceeding *pro se*, commenced this employment discrimination action against her former employer Southern University Law Center and her former supervisor Andrea Love (collectively, "Defendants"). (R. Doc. 1).

The record indicates that the Clerk's Office issued a separate summons directed at each of these Defendants on May 21, 2025. (R. Doc. 7). Plaintiff filed proof of service indicating that she served the Defendants on June 6, 2025. (R. Doc. 8).

On August 19, 2025, Plaintiff moved for Entry of Default. (R. Doc. 10). The Clerk issued an Entry of Default (R. Doc. 11).

On September 12, 2025, Defendants filed a Motion to Set Aside and Vacate Entry of Default, arguing that they were not properly served with process and otherwise have meritorious defenses to Plaintiff's claims. (R. Doc. 12). Defendants also filed a Motion for Extension of Time to File Responsive Pleadings, which sought an additional 21 days to file a responsive pleading pursuant to Local Rule 7(a). (R. Doc. 13).

On September 23, 2025, the Court granted the foregoing motions, set aside the Clerk's Entry of Default, and provided Defendants until October 14, 2025 to answer or otherwise plead. (R. Doc. 16).

On October 8, 2025, Plaintiff filed her Motion for Extension of Time to Serve Defendants and Issuance of Alias Summons, which seeks (1) an extension of 30 days to perfect service pursuant to Rule 4(m) and (2) issuance of "alias summons" to ensure service on the defendants. (R. Doc. 17).

On October 13, 2025, Defendants filed their Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), which argues (1) that process was insufficient because Plaintiff did not serve the summons "with a copy of the complaint" on each Defendant as required by Rule 4(c)(1), and (2) that service of process was insufficient with respect to Southern University Law Center because the summons served on it was "directed" to Andrea Love ,and not the Southern University Law Center, as required by Rule 4(a)(1)(B). (R. Doc. 18).

Rule 4 governs service of process, and it states that service may be effectuated "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4. Rule 4(m) requires a plaintiff to "properly serve defendant with a copy of the summons and complaint within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time." *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Fifth Circuit has held that even in the absence of good cause, however, the Court has discretion "to order that service be made within a specified time" as an alternative to dismissal. *Id.*; *see Thompson v. Brown*, 91 F.3d 20, 21 (5th

2

Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.").

The rules which govern service of process are applied more leniently to *pro se* litigants. *Mayeaux v. McKee*, No. 14-72, 2014 WL 7186275, at *2 (M.D. La. Dec. 16, 2014) (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). There is no dispute that Plaintiff attempted to timely serve Defendants. The Court need not determine whether Plaintiff has established good cause for an extension of time to serve. Having considered the record, the Court finds it appropriate to provide Plaintiff with additional time to serve each of the Defendants properly.

As stated above, the Clerk's Office has already issued separate summons directed to Southern University Law Center (R. Doc. 7 at 1-2) and Andrea Love (R. Doc. 7 at 3-4). Accordingly, the Court will provide Plaintiff with the opportunity to serve the correct summons on the correct Defendant to comply with Rule 4(a)(1)(B). When serving each Defendant, Plaintiff shall include both the proper summons and a copy of the Complaint (R. Doc. 1) to comply with Rule 4(c)(1). Plaintiff shall otherwise also comply with all other requirements of Rule 4.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Serve Defendants and Issuance of Alias Summons (R. Doc. 17) is **GRANTED** to the extent Plaintiff seeks, pursuant to Rule 4(m), a 30-day extension of the deadline to properly serve Defendants. Plaintiff shall properly serve Defendants by **November 17, 2025**, and file into the record proof of service on

each Defendant, including copies of the specific summons and complaint served on each Defendant.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) (R. Doc. 18) is **DENIED WITHOUT PREJUDICE** to refile should Plaintiff fail to properly serve each Defendant by **November 17, 2025.**

**IT IS FURTHER ORDERED** that the Scheduling Conference is reset to **February 5, 2026** at 9:00 AM by telephone. Counsel for Defendants shall initiate the call to all parties then contact the Court at (225) 389-3602. The deadline to file a joint status report is **January 22, 2026**. It shall be the responsibility of counsel for Defendants to prepare and file the joint status report.

Signed in Baton Rouge, Louisiana, on October 16, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**