**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MARIE-SAURELLE VERTUS**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 25-316-BAJ-RLB**

**SOUTHERN UNIVERSITY LAW
CENTER, ET AL.**

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to its recommendations, proposed findings of fact, and conclusions of law. Failure to file written objections to the recommendations, proposed findings, and conclusions, within fourteen (14) days after being served, will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 8, 2026.

_____

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

1

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MARIE-SAURELLE VERTUS**                                  **CIVIL ACTION**

**VERSUS**                                                        **NO. 25-316-BAJ-RLB**

**SOUTHERN UNIVERSITY LAW
CENTER, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Southern University Law Center and Southern University A&M

College's ("Southern") Motion to Dismiss for Lack of Capacity in Accordance with Code of

Civil Procedure Rule 17 and Andrea Love's ("Love")[1] Motion to Dismiss for Failure to State a

Claim Under Fed. R. Civ. P. 12(B)(6). (R. Docs. 21; 26). Also before the Court is Marie-Saurelle

Vertus' ("Plaintiff") Motion for Leave to File First Amended Complaint to Add Southern's Board

of Supervisors as an Additional Defendant (the "Motion to Amend"). (R. Docs. 28; 29).[2]

**I.      Background**

On April 14, 2025, Plaintiff, proceeding *pro se*,[3] filed suit in this Court against Southern

and Love ("Defendants") regarding the termination of her employment with Southern. (R. Doc.

1). Plaintiff alleges that, after graduating law school from Southern, "Love offered, and [she]

accepted a contract for employment as a Recruitment Coordinator for [Southern] for a period of

three years beginning in March 2023." (*Id.,* at 5). She alleges that, while employed by Southern,

she was often bullied, verbally abused, harassed, and manipulated by her supervisor Love after

---

[1] Love is Southern's Associate Vice Chancellor for Enrollment Management and Matriculation Services. (R. Doc. 26-1).

[2] R. Docs. 28 and 29 are identical motions for leave to amend. The Court cites to R. Doc. 28 hereafter.

[3] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, they are not free "from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). Thus, courts need not "search for or . . . create causes of actions" for *pro se* plaintiffs. *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

2

she refused to purchase a vehicle from one of Love's friends in August of 2023.[4] Plaintiff claims she reported Love's behavior to Southern's human resources ("HR") on February 15, 2024, and checked in on her report on March 7, 2024, but HR did not respond. On March 25, 2024, Plaintiff alleges she submitted Family and Medical Leave Act ("FMLA") paperwork to HR, due to her pregnancy. She alleges that when she reached out to HR for new FMLA documents, HR asked her to attend a meeting on May 31, 2024. At the meeting, Plaintiff alleges she was handed termination papers, at Love's request, because of her reports regarding Love. Plaintiff alleges she filed an inquiry with the Equal Employment Opportunity Commission ("EEOC") on June 4, 2024, and received a right to sue letter on March 5, 2025.[5] Plaintiff now brings (i) a Louisiana law intentional infliction of emotional distress ("IIED") claim against Love, (ii) a Louisiana law breach of contract claim against Southern, (iii) a 42 U.S.C. § 1983 due process claim against Southern, and (iv) retaliation claims against Southern under Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 12203 of the Americans with Disabilities Act ("ADA").

On November 20, 2025, Southern filed its motion to dismiss, arguing it does not have the capacity to sue or be sued and that the Board of Supervisors for the Southern University and Agricultural and Mechanical College (the "Board") is the correct party. (R. Docs. 21; 22). On December 8, 2025, Love filed a motion to dismiss, arguing (i) Plaintiff fails to allege specific, non-speculative, or non-conclusory facts that could survive a motion to dismiss, (ii) any claims against Plaintiff in her official capacity may be dismissed under the Eleventh Amendment, (iii)

---

[4] The original complaint states Plaintiff refused to purchase the relevant automobile is August of 2024, but context within the original complaint makes it clear this was a typo and the date should have been written as August of 2023.

[5] A review of the documents attached to the complaint calls into question the timeframe alleged. The EEOC Charge of Discrimination Plaintiff attaches to her complaint is dated March 5, 2025 and notarized on April 7, 2025. (R. Doc. 1-3 at 9). The notarized date is over a month after the Right to Sue. There is also a fax coversheet attaching a "request to file a charge for inquiry" that predates all of these as it is dated March 4, 2025, which is one day prior to the Right to Sue. (R. Doc. 1-3 at 5). Because the Defendants do not raise any timing or documentation issues, the Court does not address it in the body of this Report and Recommendation.

any 42 U.S.C. § 1983 claim against her must be dismissed because Plaintiff's allegations fail to defeat her qualified immunity protections, (iv) any Title VII claim against Love fails since the Fifth Circuit does not recognize individual liability for Title VII claims, (v) Plaintiff's IIED claim against Love fails as Plaintiff has not properly alleged all of its elements, and (vi) Plaintiff's breach of contract claim and retaliation claims fail since Louisiana is an "at will" employment state that rarely converts generic employment expectations into binding employment contracts if the relevant promise is oral and not written. (R. Docs. 26; 26-1). On December 15, 2025, Plaintiff filed her Motion to Amend, seeking to add the Board as a party. (R. Docs. 28; 29).

## II.    Law and Analysis

### A.    Legal Standards

A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of a complaint against Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive such a motion, a complaint, on its face, must show there is a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone cannot withstand a Fed. R. Civ. P. 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts also do not presume the truth of conclusory statements but look for facts that support the pleader's claim. *Twombly*, at 557.

### B.    Analysis

#### i.    Southern Has No Capacity To Be Sued

Defendants assert that neither Southern University Law Center nor Southern University A&M College are the proper parties for this lawsuit. Instead, they argue, the proper party is the Board. The Fifth Circuit has stated that "[o]nly [the] Board, and not the University itself, can sue or be sued." *Richardson v. S. Univ.,* 118 F.3d 450, 456 (5th Cir. 1997) (citing La. R.S.

17:3351A(1) (West 1982); *Muhammed v. Board of Supervisors of Southern Univ.,* 715 F. Supp. 732, 733 (M.D. La. 1989); *Emoakemeh v. Southern Univ.,* 654 So.2d 474, 475 (La. Ct. App. 1st Cir. 1995) (suing the State of Louisiana "through the Southern University Board of Supervisors"); *Marson v. Northwestern State Univ.,* 607 So.2d 1093, 1095 (La. Ct. App. 3d Cir. 1992) (citations omitted) (holding that plaintiff had no cause of action against Northwestern State University, but rather against the Board of Trustees, who "under the constitution and statutes, is the right defendant under its supervisory powers")). Southern University Law Center and Southern University A&M College may thus be dismissed.

### ii.    Plaintiff's Proposed Amendment to Add the Board is Futile

"[A] district court may deny motions to amend, even when such amendment would be 'as a matter of course,' when the amendment would be futile." *Figueredo-Quintero v. McCain*, 766 F. App'x 93, 98 (5th Cir. 2019) (citations omitted). In his proposed amended complaint, Plaintiff attempts to bring the same claims it tried to bring against Southern now also against the Board. (R. Docs. 1; 28-1). These claims are a Louisiana law breach of contract claim, a 42 U.S.C. § 1983 due process claim, a retaliation claim based on Title VII, and a retaliation claim based on the ADA. *Id.* Based on the following, the Court finds all of these claims fail against the Board, making Plaintiff's proposed amendment futile.

"The Eleventh Amendment to the United States Constitution . . . bars suits in federal court by citizens of a state against their own state or a state agency or department." *Richardson*, 118 F.3d at 452 (quotations and citations omitted). This concept is referred to as Eleventh Amendment immunity or sovereign immunity, and the Fifth Circuit has already held that the "Board [is] entitled to Eleventh Amendment immunity." *Richardson*, 118 F.3d at 456. Sovereign immunity is only lost if it is abrogated by Congress or a state waives it, and "Louisiana has refused to waive its Eleventh Amendment sovereign immunity against suits in federal courts."

*Mathai v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 959 F. Supp. 2d 951, 957 (E.D. La.), *aff'd*, 551 F. App'x 101 (5th Cir. 2013) (citations omitted).

It has already been determined that sovereign immunity protects Louisiana university boards from state law breach of contract claims and 42 U.S.C. § 1983 claims, and Plaintiff has provided this Court with no reason to find otherwise. *See Mathai*, 959 F. Supp. 2d at 957 (citations omitted) ("Courts consider the LSU Board . . . to be an arm of the state for purposes of Eleventh Amendment immunity[; it] is thus immune from liability for plaintiff's § 1983 claims. . . . Plaintiff also asserts a breach of contract claim against defendants[, but] plaintiff's claim is barred on jurisdictional grounds[, because] Louisiana, and thus the Board of Supervisors, has not waived its immunity in federal court for state law claims."); *see also Richardson*, 118 F.3d at 453 (citations and quotations omitted) ("Congress has not expressly waived sovereign immunity for § 1983 suits. Richardson's § 1983 suit is therefore subject to the Eleventh Amendment bar[, and as] Louisiana has not waived its sovereign immunity for suits brought in federal court, Richardson's state-law claims are also subject to the Eleventh Amendment bar."); *Raj v. Louisiana State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013) ("We therefore affirm the district court's dismissal of [the] claims under . . . 42 U.S.C. § 1983 and § 1985. We also conclude that [the] state law claims are barred by sovereign immunity."). Thus, it is futile for the Board to be added as a party with respect to the breach of contract claim and the 42 U.S.C. § 1983 claim.

And while Congress has abrogated sovereign immunity for Title VII retaliation claims, and some ADA retaliation claims, Plaintiff fails to properly raise Title VII and ADA retaliation claims against the Board. *See Raj*, 714 F.3d at 330 (citation omitted) ("Congress has expressly abrogated sovereign immunity under [Title VII]."); *see also Dottin v. Texas Dep't of Crim. Just.*, 627 F. App'x 397, 398 (5th Cir. 2015) (citation omitted) ("Title V itself does not abrogate a state's sovereign immunity. Instead, a plaintiff may bring a retaliation claim against a state entity

6

only to the extent that the underlying claim of discrimination effectively abrogates sovereign immunity of the particular state.").

In the Fifth Circuit, the court "applies the same analysis to ADA and Title VII retaliation claims." *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). "To state a retaliation claim, a plaintiff must allege '(1) that [he or she] engaged in activity protected by Title VII [or the ADA], (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action.'" *Mulllenix v. Univ. of Texas at Austin*, No. 1:19-CV-1203-LY, 2021 WL 2172835, at *2 (W.D. Tex. Mar. 30, 2021) (citing *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002)). "An employee has engaged in [protected] activity [if he or] she has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII 42 U.S.C. § 2000e-3(a)." *Tilson v. Cintas Corp. No. 2*, No. CV 22-00493-BAJ-EWD, 2023 WL 2669061, at *3 (M.D. La. Mar. 28, 2023) (citations omitted). "The first of these is . . . the 'opposition clause;' the second [i]s the 'participation clause.'" *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016).

When Plaintiff "reported the incidents to Ms. Love's supervisor[,]" she was engaging in activity that could only be protected by the opposition clause. (R. Doc. 28-1 at 9); *see Cuellar v. Sw. Gen. Emergency Physicians, P.L.L.C.*, 656 F. App'x 707, 709 (5th Cir. 2016) ("Participation clause protected activity is not at issue, as [she] filed her EEOC charge after her employment was terminated. [She] attempts to state opposition clause protected activity only[, because] she opposed the physician's conduct by reporting him to human resources."). Yet, the opposition clause "requires the employee to demonstrate that [he or] she had at least a 'reasonable belief' that the practices she opposed were unlawful." *Tilson*, 2023 WL 2669061, at *3 (citations omitted). Plaintiff fails to allege she had *any* belief that Love's treatment towards her was

7

*because* of her pregnancy. (R. Doc. 28-1). She actually provides an entirely different belief, alleging as follows: "*Because I did not purchase a vehicle from Ms. Love's friend*, Ms. Love began to use her state as my supervisor to abuse, harass, and manipulate me." (R. Doc. 28-1 at 8) (emphasis added). In the proposed count 1 for retaliation, Plaintiff is more specific in linking her report of abusive conduct by Ms. Love and Ms. Love's subsequent recommendation of termination of the Plaintiff. (R. Doc. 28-1 at 9).

Accordingly, Plaintiff has not alleged she had a reasonable belief that she was opposing any unlawful practice under Title VII, and certainly not under the ADA. *See Shelton v. Parkland Health*, No. 3:24-CV-2190-L-BW, 2025 WL 1513441, at *11 (N.D. Tex. May 28, 2025) (citations omitted) ("'[P]regnancy alone is not a disability under the ADA. Instead, the EEOC would look to whether there was a pregnancy-related impairment that substantially limits a major life activity.'"); *see also Appel v. Inspire Pharms., Inc.*, 712 F. Supp. 2d 538, 548 (N.D. Tex. 2010), *aff'd,* 428 F. App'x 279 (5th Cir. 2011) ("[P]regnancy alone is not a disability under the ADA[.]"). Thus, Plaintiff's alleged Title VII and ADA retaliation claims proposed in the against the Board fail, making her proposed amendment futile.

### iii.    Plaintiff Has Only Attempted to Bring an IIED Claim Against Love

In her motion to dismiss, Love makes many arguments as to why Plaintiff's allegations against Love cannot survive the Fed. R. Civ. P. 12(b)(6) standard. Her arguments are persuasive. However, many of them are unnecessary as Plaintiff has not brought as many causes of action against Love as Love and her counsel have assumed. Plaintiff is clear that she has brought *one* cause of action against Love,[6] bolded below:

- Plaintiff's Title VII and ADA Retaliation Claims:
  - "COUNT I – RETALIATION (against Defendant SULC)" (R. Doc. 1 at 6).
- Plaintiff's Breach of Contract Claim:

---

[6] This is confirmed in the proposed Amended Complaint. (See R. Doc. 28-1 at 10).

8

- o "COUNT II – BREACH OF CONTRACT (against Defendant SULC)" *Id.*
- Plaintiff's IIED Claim:
  - o **"COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (against Defendant Andrea Love)"** (R. Doc. 1 at 7).
- Plaintiff's 42 U.S.C. § 1983 Due Process Claim:
  - o "Southern University and Andrea Love's immediate supervisor . . . negligently handled my grievance and violated my right to due process[.]" (R. Doc. 1 at 8).

As Plaintiff's sole alleged cause of action against Love is her IIED claim, this Court need not assess Love's arguments that any other possible claims against her fail, as they simply have not been brought, but it will address Love's arguments regarding the actually alleged IIED claim.

To properly bring an IIED claim, a plaintiff must allege "(1) that the conduct of the defendant was extreme and outrageous, (2) that the emotional distress suffered by the plaintiff was severe, and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result." *In re 1994 Exxon Chem. Plant Fire,* No. 06-0117, 2005 WL 6252298, at *2 (M.D. La. Feb. 15, 2005), *report and recommendation adopted,* No. 05-1639, 2005 WL 6252313 (M.D. La. Apr. 26, 2005) (citation omitted). Love argues that Plaintiff fails to allege that (i) Love's conduct was extreme or outrageous, (ii) Plaintiff suffered distress that no reasonable person could be expected to endure, or (iii) Love had any intent to cause Plaintiff severe emotional distress. This Court agrees. Plaintiff's original complaint alleges that Love (i) bullied, verbally abused, harassed, manipulated, and threatened to fire or furlough Plaintiff, (ii) made it difficult for Plaintiff to work, (iii) refused to give Plaintiff enough resources to complete her work, (iv) lied about Plaintiff's completed projects to make it seem she was not working, (v) ignored Plaintiff's completed projects, (vi) alluded to her ability to adversely affect Plaintiff's career if she lost trust in her, (vii) made denigrating statements about Plaintiff to her colleagues from other schools, and (viii) had employees send her information about Plaintiff. (R. Doc. 1 at 6).

Although the list is extensive, Plaintiff's allegations do not go much further than complaints about a contentious relationship with her supervisor and failure to recognize her accomplishments. Plaintiff provides no information regarding the time, place, or facts supporting the above. Plaintiff provides nothing specific. These allegations are thus conclusory statements that cannot support the first element of Plaintiff's IIED claim. *See Iqbal*, 556 U.S. at 678. Furthermore, the Court assumes any specific examples would likely fall short of extreme and outrageous behavior under Louisiana law. *See White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991) ("The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.").

Regarding the second element, Plaintiff only conclusorily alleges she "suffered severe physical and emotional damages[.]" (R. Doc. 1 at 7). In short, she has merely restated an element of the cause of action, not any factual contentions that would constitute a sufficient claim. Specifically, Plaintiff fails to allege any specific emotional distress or physical damages.

Accordingly, the Court recommends that Love's motion to dismiss be granted. However, in consideration of the opposition (R. Doc. 34) and the fact that the proposed amended complaint does not appear to address any of the arguments in the motion to dismiss, it is recommended that Plaintiff be given an additional opportunity to address any deficiencies in an amended complaint.

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Southern University Law Center's and Southern University A&M College's Motion to Dismiss for Lack of Capacity in Accordance with Code of

Civil Procedure Rule 17 (R. Doc. 21) be **GRANTED**, with Southern University Law Center and Southern University A&M College to be **DISMISSED WITH PREJUDICE**.

IT IS FURTHER RECOMMENDED that Marie-Saurelle Vertus' Motions for Leave to File First Amended Complaint to Add Southern's Board of Supervisors as an Additional Defendant (R. Docs. 28, 29) be **DENIED AS FUTILE**.

IT IS FURTHER RECOMMENDED that Andrea Love's Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(B)(6) (R. Doc. 26) be **GRANTED IN PART AND DENIED IN PART**, **DISMISSING ANDREA LOVE** and the **IIED** claim **WITHOUT PREJUDICE**.

IT IS FURTHER RECOMMENDED that Plaintiff be afforded **LEAVE TO AMEND** within **FOURTEEN (14) DAYS** of the adoption of this Report and Recommendation, with Andrea Love to be dismissed with prejudice if Plaintiff fails to cure the above-mentioned deficiencies regarding her IIED claim against Andrea Love.

IT IS FURTHER RECOMMENDED that any renewed motion for leave should also address (1) whether this Court should retain jurisdiction over the remaining state law claim, having dismissed all federal causes of action, or (2) whether some independent basis of federal jurisdiction, such as diversity of citizenship (and amount in controversy), would be present in a between Plaintiff and Andrea Love.

Signed in Baton Rouge, Louisiana, on July 8, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

11